RUDDON *vs.* McDONALD.

*In the matter of proving the last Will and Testament of* ANN MURTOUGH, *deceased.*

UNDER the provisions of the Revised Statutes relative to the due execution of wills, it is not requisite that the subscribing witnesses should, strictly and literally, sign their names to the will, in the presence of the testator.

The formalities prescribed by the Revised Statutes are all that are necessary to the valid execution of a will.  They are not cumulative to those required by the Statute of Frauds, or by the act of March 5, 1813, " concerning wills."

The " act concerning wills," passed March 5, 1813, has been repealed, and none of the English statutes are any longer to be considered as laws of this State ; and there is no other law in existence prescribing the mode in which wills may be validly executed, than the Revised Statutes.

F. H. B. BRYAN, *for Executrix.*

J. T. DOYLE, *for next of kin.*

THE SURROGATE.  The main objection to the admission of this will to probate, grows out of the manner in which the witnesses signed their names.  The decedent at the time of the execution lay upon a bed, in a small bedroom, from which a door opened into a larger room adjoining, upon a table in the corner of which the witnesses subscribed their names.  The bedroom door was open at the time, and the deceased was sitting up in bed, supported by pillows.  As the witnesses sat at the moment of signing, they faced the bedroom door.  One of them says, "I could see the bed from where I wrote, but I do not know whether I could have seen her if I had looked; but it is probable I could.  I cannot say with certainty;" and again, "I did not look to notice to see whether I could see the decedent's face at the time.  I cannot say that I could see her face from where I sat."  The other witness says, "If she had tried to see us sign,

by putting her head down towards the foot of the bed she might have done so ; that is my opinion ; I cannot be certain." I may add, that, in addition to these statements of the subscribing witnesses, it appears probable that the will was read over to the decedent, after being signed by the witnesses. At the time the witnesses subscribed their names, she was sitting nearly upright, could see into the adjoining room, but was incapable herself, unaided, of actually seeing them sign, without moving further towards the foot of the bed on which she lay. The object of the provision in the Statute of Frauds requiring the attesting witnesses to sign in the testator's presence, seems to have been, to enable the testator to see that those who attest the will are the persons in whom he confides, and to prevent a false paper from being surreptitiously imposed on the witnesses ; and whether the witnesses sign in the same or in an adjoining room, the test recognized by the numerous decisions on this subject appears to be, whether the testator *might* have seen the witnesses sign, taking into view the relative situations of the parties. I do not mean to review the cases, and examine the applicability of the general rule to the facts as exhibited in the present instance, though I am strongly inclined to think the will well proved, according to the formal requisites prescribed by the Statute of Frauds.. (*Newton & Thomas* vs. *Clarke*, 2 *Curteis*, 320.) The production of the will to the testatrix after the attesting witnesses had signed it, and reading it over to her when their signatures were on it, would certainly go far to make it a constructive signing in her presence, though the physical act itself had taken place out of the range of her vision.

But I do not think that the law requires the attesting witnesses, literally and strictly, to sign in the testator's presence. In *Butler* vs. *Benson*, 1 *Barbour, S. C. R.*, 538, Justice Hand uses this language : " The statute is silent as to the witnesses signing in the presence of the testator. This was necessary here before the revision in 1830, and

has been in England certainly since 1677. (1 *R. S.*, 364; 29 *Car.* 2, *c.* 3.) But it is believed the requirements of the statute are merely cumulative, and that this is still necessary. The object of the old rule was to prevent imposition by changing the paper. And perhaps no instrument can be considered properly attested, unless the witnesses subscribe as such at the time of its execution or acknowledgment. This point, however, does not arise in this case, for the evidence is pretty clear that the witnesses subscribed in the presence of the testator, and that no physical inability prevented him from seeing them do so. The difficulties in the case do not lie there." It is manifest that the opinion expressed in these remarks is only a *dictum*, and I do not, therefore, feel its binding obligation as authority. If any portion of the former statute is still in force as to the requisites necessary to the formal execution of a will, it is important it should be known, for the impression is very general, that a compliance with the formalities prescribed by the Revised Statutes is sufficient to make a valid will. The Revisers in the section reported to the Legislature as to the form of executing a will of real estate, slightly varied the second section of the act concerning wills in the Revised Laws (*Vol I.*, *p.* 364), but retained the provision, requiring the will to be "attested by three or more credible witnesses who shall subscribe their names as witnesses *in the presence* of the testator, and at his request." This section, with the next relating to other formalities, was transferred from Article 1st, in regard to "wills of real property," to Article 3d, entitled, "General provisions applicable to wills of real and personal property," and both the sections were there substantially incorporated in sections 40 and 41 (§§ 32 *&* 33, *3d ed.*), after undergoing important alterations. One of these modifications consisted in requiring two witnesses, instead of three, and another in not requiring in terms the witnesses to subscribe their names "*in the presence of the testator*," as reported in the original section. The Legisla-

ture very clearly had this provision distinctly before them in the section as reported, and its omission in the section as enacted, is consequently significant. In view of the difficult questions which had so frequently arisen from that clause in the Statute of Frauds and our own act, it is probable, that it was designed to avoid future perplexity on that point, by leaving out the provision. The idea that the formalities requisite to the due execution of a will as prescribed in the Revised Statutes, are merely cumulative to those previously existing, is rebutted by the change made as to the number of necessary witnesses, and by the obvious unity and completeness of the new enactment. The Revisers say that " one of the prominent objects" of the chapter in relation to wills, was " *to prescribe distinctly the mode of executing wills of personal as well as real estate ;*" and yet if the former statute is still in force, as to the necessity of the witnesses signing in the presence of the testator, if the Revised Statutes are not in themselves perfect as to all formal requisites, but an old law still remains behind them, with a hidden vitality, the new enactments are very far in this respect from attaining one of their prominent objects. Again, the first section of the 6th chapter in relation to wills and testaments, declares that " all persons, except idiots, &c., may devise their real estate by a last will and testament, *duly executed according to the provisions of this title.*" This makes a devise of real estate good, if the will is executed according to the provisions of the Revised Statutes, and as to wills of personalty, they never were required to be executed in the same mode as wills of realty, until the enactment of the Revised Statutes. I am, therefore, decided in opinion as to the entire sufficiency of all that is prescribed in the Revised Statutes as to the execution of a will, and that all other former statutory provisions are inapplicable. But independently of any argument, it is difficult to see how the provisions of the Revised Statutes are " cumulative" to those contained in the " act concerning wills," passed

March 5, 1813, requiring the witnesses to subscribe in the presence of the testator, when the latter act has been repealed (see *General Repealing Act*, 3 *R. S., p.* 152), and none of the English statutes are any longer to be considered as laws of this State. (*Ibid., p.* 171, § 3.) In fact, there is no other law, prescribing the mode in which wills may be made, now in force, except the Revised Statutes. Wills executed previously to their enactment, according to the law as it then stood, are expressly saved (2 *R. S.*, 3*d ed., p.* 133, § 92), but in every other case, the Revised Statutes are now the sole and exclusive guide as to all formalities in the execution of wills required to be made in conformity to the laws of this State.

I am, therefore, of opinion, that the will in the present case was properly executed, and should be admitted to probate.